**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Zicam Cold Remedy Marketing, Sales Practices, and Products Liability Litigation. | No. 09-md-2096-PHX-FJM<br>**ORDER** |
| THIS DOCUMENT RELATES TO:<br>Britteny N. Stone v. Walgreen Co.,<br>No. CV-11-0948 | |

The court has before it defendant Walgreen Co.'s motion to dismiss Stone v. Walgreen Co., CV-11-0948 (doc. 1467). Plaintiff has not responded, and the time to do so has passed. Defendant argues that plaintiff's complaint should be dismissed either because it is duplicative of a previous action, or because it is an improper attempt to circumvent our scheduling orders.

On March 11, 2010, plaintiff filed a complaint in the Virginia Circuit Court for the City of Hampton against Matrixx Initiatives, Inc. and Zicam, LLC, alleging that her use of Zicam nasal gel caused her to lose her sense of smell, and asserting products liability claims. See Stone v. Matrixx Initiatives, Inc., et al., No. CV-10-1196, Notice of Removal, ex. 1, "Complaint." Defendants removed the action to the United States District Court for the Eastern District of Virginia, and it was consolidated with this MDL on June 7, 2010.

On April 7, 2011, plaintiff filed another complaint in the Hampton Circuit Court, this time against Walgreen Co., alleging that the Zicam nasal gel she purchased at a Walgreen store caused her to lose her sense of smell, and asserting claims for products liability and

breach of warranties. See Stone v. Walgreen Co., No. CV-11-0948, Notice of Removal, ex. 1, "Complaint." Defendant removed the action, and it was consolidated with the MDL on May 12, 2011.

We may dismiss an action as duplicative if the "causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams v. California Dept. of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007). To determine whether the causes of action are the same, we use the "transaction test," and consider four criteria: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Id.

All four factors demonstrate that the causes of action in the two complaints are the same. The rights and interests at stake in the claim against Matrixx could be impaired by inconsistent determinations in the second action about whether the product caused plaintiff's alleged injury. The same evidence about plaintiff's medical condition, causation and damages would be presented in both actions. Both actions implicate plaintiff's right to be free of injury from the Zicam product. Both actions arise out of the same facts: plaintiff's purchase and use of the Zicam product. The relief sought, monetary damages, is also the same.

Defendants Matrixx, Zicam, and Walgreen Co. are in privity. Parties may be in privity when one "virtually represents" the other. "The necessary elements of virtual representation are an identity of interests and adequate representation. Additional features of a virtual representation relationship include 'a close relationship, substantial participation, and tactical maneuvering.'" Adams, 487 F.3d at 691 (quoting Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005)). Defendants Matrixx, Zicam, and Walgreen Co. have identical interests. Walgreen Co. could only be liable for distributing a defective product if Matrixx and Zicam were found liable for manufacturing and selling the product. Additionally, Matrixx and Zicam have indemnified Walgreen Co., and are defending the action on the

retailer's behalf. See Declaration of K. Cosner, ¶ 3 (doc. 1468). Therefore, adequate representation between the parties exists, and they are in privity.

Because we conclude that plaintiff's second action is duplicative, we need not reach defendant's argument that plaintiff has attempted to circumvent our deadline for filing amended complaints.

**IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 1467). **IT IS ORDERED DISMISSING** Stone v. Walgreen Co., No. CV-11-0948, with prejudice.

DATED this 6th day of July, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge